UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No. **SACV 18-1172-SVW (JPR)**            Date: **March 5, 2019**
Title: **Toai Cong Nguyen v. Nancy A. Berryhill**

================================================================

**DOCKET ENTRY: Order to Show Cause**

================================================================

PRESENT:

         **HON. JEAN P. ROSENBLUTH, U.S. MAGISTRATE JUDGE**

     Bea Martinez                             n/a
     Deputy Clerk                           Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:        ATTORNEYS PRESENT FOR DEFENDANT:
     None present                                    None present

**PROCEEDINGS: (IN CHAMBERS)**

On July 3, 2018, Plaintiff, through counsel, filed the Complaint in this Social Security action.[1] On July 19, 2018, the Court issued a case-management order, requiring Plaintiff to properly and timely serve the summons and Complaint on the Commissioner and file proof of service.

Because Plaintiff did not do so, the Court on October 23, 2018, ordered him to file a proof of service by November 7 or show cause in writing why he could not do so. The Court warned Plaintiff that if he did neither the Court would likely dismiss this action. On November 7, 2018, Plaintiff filed a proof of service.[2]

---

[1] That same day, Plaintiff's counsel mistakenly filed in this case an unrelated state-court complaint on behalf of a plaintiff with the same last name. The Clerk is directed to strike that document (docket entry 1) from the docket.

[2] Service may well have been defective. Compare (Nov. 7, 2018 proof of service), with Fed. R. Civ. P. 4(i). But many courts have held, in accord with the plain language of Rule 12, that defects in service are waived if not raised in a timely motion to quash — which can be brought by counsel specially appearing for that purpose only — or other responsive pleading. See, e.g., Rector v. Scott, No. LA CV 13-03116-VBF-SS., 2014 WL 580158, at *1 (C.D. Cal. Feb. 11, 2014).

MINUTES FORM 11                                               Initials of Deputy Clerk:bm
CIVIL-GEN

The time for Defendant to answer the Complaint has now passed, and she has not challenged service in any way or otherwise responded to the Complaint. See Fed. R. Civ. P. 12(a)(2), (b). Any such objection may therefore be waived. See Fed. R. Civ. P. 12(h). But nor has Plaintiff moved for entry of default. See Fed. R. Civ. P. 55(a).

Accordingly, Plaintiff must move for entry of default within seven days of the date of this order or show cause in writing why this action should not be dismissed for failure to prosecute. If he does neither, the action will likely be dismissed. Within 30 days of any entry of default, Plaintiff must move for default judgment or, again, this action will likely be dismissed for failure to prosecute.


cc: Judge Wilson