| | |
|---|---|
| | **UNITED STATES DISTRICT COURT** |
| | **CENTRAL DISTRICT OF CALIFORNIA** |

| | |
|---|---|
| TOAI CONG NGUYEN, | ) Case No. SACV 18-1172-SVW (JPR) |
| Plaintiff, | ) |
| v. | ) ORDER DISMISSING ACTION FOR |
| | ) FAILURE TO PROSECUTE |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

On July 3, 2018, Plaintiff, through counsel, filed a Complaint challenging the denial of Social Security disability benefits. His case-initiating documents were not in compliance with Court rules, and the Court issued a deficiency notice. Indeed, almost all of Plaintiff's filings have been met with deficiency notices. Moreover, he mistakenly filed in this case a complaint for an entirely unrelated state-court case, which the Magistrate Judge ordered stricken on March 5, 2019.

When by October 23, 2018, Plaintiff had not filed proof of service of the Complaint on Defendant, the Magistrate Judge ordered him to do so or show cause why this lawsuit should not be

1

dismissed for failure to prosecute.  On November 7, 2018, Plaintiff filed a proof of service, but Defendant never appeared in this case.  Consequently, on March 5, 2019, the Magistrate Judge again ordered Plaintiff to show cause why this lawsuit should not be dismissed for failure to prosecute.  She ordered Plaintiff to move the Clerk for default or show cause, and she also ordered that "[w]ithin 30 days of any entry of default, Plaintiff must move for default judgment or, again, this action will likely be dismissed for failure to prosecute."

On March 12, 2019, Plaintiff moved for default, but the Clerk denied the application because "[t]he proof of service does not reflect the same information as the docket, as to the actual person served."  On March 19, 2019, the Magistrate Judge for the third time ordered Plaintiff to show cause concerning his failure to prosecute this action.  Plaintiff's counsel filed a declaration and a new proof of service in response, and he again moved for entry of default.  The Clerk entered default on April 8, 2019, but to date, despite the Court's numerous warnings, Plaintiff has not moved for entry of default judgment.

Courts may dismiss lawsuits that are not diligently prosecuted.  See Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962); Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam).  In determining whether to dismiss a plaintiff's action for failure to prosecute, a court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic

sanctions." Carey, 856 F.2d at 1440 (citation omitted). Unreasonable delay creates a rebuttable presumption of prejudice to the defendant that can be overcome only with an affirmative showing of just cause by the plaintiff. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth Carey factors militate in favor of dismissal. The Court has repeatedly had to issue orders to show cause in this lawsuit to secure any progress in it whatsoever, each time warning Plaintiff — who is represented by counsel — that the lawsuit will be dismissed if he doesn't comply. Despite such an order expressly telling him that he had to move for entry of default judgment within 30 days after any default, he has not done so. Moreover, as the Magistrate Judge noted in her March 5 order, Plaintiff does not appear to have effected proper service on Defendant nearly a year after filing this lawsuit. The Court has given Plaintiff numerous chances to prosecute this lawsuit, as is his obligation, and he has repeatedly failed to do so; thus, no less drastic sanction is available, and the Court cannot manage its docket without spending unwarranted time and effort. Although the fourth factor weighs against dismissal — as it does in every case — the other factors together outweigh the public's interest in disposing of the case on its merits. See Long v. Astrue, 416 F. App'x 633, 634 (9th Cir. 2011) (upholding dismissal of Social Security action for failure to prosecute when plaintiff had not served summons and did not show cause for his failure to do so).

Plaintiff has failed to prosecute this action without demonstrating good cause, and it must therefore be DISMISSED. LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 21, 2019

STEPHEN V. WILSON
U.S. DISTRICT JUDGE